UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LAWRENCE W. JASMAN, JR.,

    Plaintiff,

v.

COMMISSIONER OF
SOCIAL SECURITY,

    Defendant.

Case No. 20-cv-11314
Hon. Matthew F. Leitman

_____/

## ORDER (1) OVERRULING PLAINTIFF'S OBJECTIONS (ECF No. 19) TO REPORT AND RECOMMENDATION (ECF No. 18); (2) GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT (ECF No. 16); AND (3) DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT (ECF No. 15)

In this action, Plaintiff Lawrence W. Jasman, Jr. challenges the denial of his application for supplemental security income under the Social Security Act. (*See* Compl., ECF No. 1.) Both Jasman and Defendant Commissioner of Social Security filed motions for summary judgment. (*See* Mots., ECF Nos. 15, 16.) The assigned Magistrate Judge then issued a Report and Recommendation in which she recommended that the Court deny Jasman's motion and grant the Commissioner's motion (the "R&R"). (*See* R&R, ECF No. 18).

Jasman has now filed timely objections to the R&R. (*See* Objections, ECF No. 19.) The Court has carefully reviewed Jasman's objections and concludes that

1

they do not entitled him to relief. Therefore, for the reasons explained below, the Court **OVERRULES** Jasman's Objections, **DENIES** his motion for summary judgment, and **GRANTS** the Commissioner's motion.

# I

## A

On July 30, 2016, Jasman applied for supplemental security income under the Social Security Act. (*See* ECF No. 13, PageID.141-142.) He claimed that the following severe impairments limited his ability to work: a seizure disorder, COPD, emphysema, rectal cancer, depression, anxiety, and rheumatoid arthritis. (*See* ECF *id.*) The Social Security Administration denied his application on December 6, 2016. (*See id.*, PageID.158.)

After the Social Security Administration denied Jasman's application, he sought a hearing on that decision before an Administrative Law Judge (the "ALJ"). That hearing was held on February 25, 2019. Both Jasman and a vocational expert testified at the hearing. (*See* ALJ Hr'g Tr., *id.*, PageID.85-112.) Jasman also provided certain medical evidence to the ALJ, including a "Medical Source Statement" completed by his treating physician Dr. Russell Struble ("Dr. Struble's MSS"). (*See* Dr. Strubel's MSS, *id.*, PageID.921-922.) In Dr. Struble's MSS, Dr.

Struble noted, without explanation, that Jasman was "totally disabled."[1] (*Id.*, PageID.921.)

The ALJ issued a written decision denying Jasman's application for benefits on March 29, 2019 (the "ALJ's Decision"). (*See* ALJ's Decision, *id.*, PageID.68-79.) The ALJ ultimately concluded that Jasman was not disabled and therefore not entitled to benefits. (*See id.*, PageID.78-79.) Relevant here, in reaching that conclusion, the ALJ provided "little weight" to Dr. Strubel's MSS. (*See id.*, PageID.76.) The ALJ explained his discounting of Dr. Strubel's MSS as follows:

> As for the opinion evidence, the claimant's primary care provider, Russell Struble, M.D., opined that the claimant is totally disabled. That opinion is given little weight because disability determination is reserved strictly to the Commissioner of Social Security.

(*Id.*)

Jasman appealed the ALJ's Decision to the Appeals Council, but that body denied review. (*See id.*, PageID.52-54.)

**B**

On May 26, 2020, Jasman filed this action seeking judicial review of the administrative decision denying his application for benefits. (*See* Compl., ECF No.

---

[1] The Court discusses Dr. Struble's MSS in much greater detail below.

1.) Jasman and the Commissioner then filed cross-motions for summary judgment. (*See* Jasman Mot., ECF No. 15[2]; Comm'r Mot., ECF No. 16.)

In Jasman's motion, he argued, among other things, that the ALJ erred when he failed to (1) provide good reasons for discounting Dr. Strubel's MSS and (2) address the side effects of Jasman's medications as described in Dr. Strubel's MSS. (*See* Jasman Mot., ECF No. 15.)

The assigned Magistrate Judge issued the R&R on the parties' cross-motions on June 24, 2021. (*See* R&R, ECF No. 18.) The Magistrate Judge recommended granting the Commissioner's motion and denying Jasman's motion. (*See id.*) The Magistrate Judge first rejected Jasman's argument that the ALJ erred when he discounted Dr. Strubel's MSS. (*See id.*, PageID.1073-1080.) The Magistrate Judge explained that the ALJ's "decision to reject the sole opinion contained in Dr. Struble's MSS … was appropriate as the opinion addresses the issue of disability which is reserved solely for the commissioner." (*Id.*, PageID.1077, citing *Gant v. Comm'r of Soc. Sec.*, 372 F. App'x 582, 584 (6th Cir. 2010).) The Magistrate Judge further explained that to the extent the ALJ did not sufficiently explain why he rejected Dr. Strubel's MSS, such an error was harmless because Dr. Strubel's MSS was "patently deficient." (*Id.*, PageID.1078, citing *Wilson v. Comm'r of Soc. Sec.*,

---

[2] Jasman titled his motion for summary judgment as a "Motion to Remand." (*See* Jasman Mot., ECF No. 15.)

378 F.3d 541, 547 (6th Cir. 2004).) Finally, the Magistrate Judge held that Dr. Strubel's MSS did "not qualify as a 'medical opinion'" under the applicable regulations because it "consist[ed] of nothing more than diagnoses and symptoms unaccompanied by any explanation." (*Id.*, PageID.1079.)

Next, the Magistrate Judge rejected Jasman's argument that the ALJ failed to account for the side effects he (Jasman) was experiencing from medications he was taking. (*See id.*, PageID.1080-1082.) The Magistrate Judge noted that Jasman's "brief [was] void of references to medical records" and that the only evidence supporting Jasman's claimed side effects was "Dr. Struble's MSS, which included a notation connecting the side effects listed in the MSS to [Jasman's] medical treatment." (*Id.*, PageID.1081.) The Magistrate Judge then pointed out that the side effects identified in Dr. Strubel's MSS were "inconsistent with the objective medical evidence contained in the record" – including Jasman's own previous denials that he experienced the identified side effects. (*Id.*) The Magistrate Judge therefore concluded that the ALJ did not err by failing to "address the side effects identified in Dr. Struble's MSS." (*Id.*, PageID.1082.)

## II

Jasman filed his objections to the R&R on July 8, 2021. (*See* Objections, ECF No. 19.) The Court will address the objections in turn below.

**A**

The Court begins with Jasman's first three objections to the R&R. (*See id.*, PageID.1085-1092.) These objections are difficult to follow, but the Court considers them together because they all appear to share the same underlying premise: that the ALJ failed to comply with the applicable regulations when he discounted Dr. Strubel's MSS. The Court disagrees.

The Court has carefully reviewed Dr. Strubel's MSS and finds it wholly deficient. It contains no meaningful analysis of Jasman's symptoms or impairments. Indeed, Dr. Strubel's MSS is, in its entirety, less than two pages long, and it includes little more than Dr. Strubel checking certain boxes on a pre-printed form. (*See* Dr. Strubel's MSS, ECF No. 13, PageID.921-922.)  First, it asks for Jasman's "diagnoses." (*Id.*, PageID.921.)  In response to that question, Dr. Struble wrote "rectal cancer, epilepsy, COPD, RA [which appears to be referring to rheumatoid arthritis], OA [which appears to referring to osteoarthritis, and] depression/anxiety." (*Id.*)  Next, the form asked Dr. Struble to "[i]dentify any positive, objective signs" of Jasman's conditions, and it provided twenty checkboxes that Dr. Struble could select. (*Id.*)  The only box that Dr. Struble checked was "reduced range of motion (spine/joints affected)." (*Id.*)  He also wrote: "writs/feet/ankles/shoulders." (*Id.*)  Dr. Strubel did not elaborate on which of Jasman's condition(s) caused the "objective signs" that he had identified.  Third, Dr. Strubel was asked to "[i]dentify the side

effects of any MEDICATIONS that may have implications for working." (*Id.*) Dr. Strubel responded to this question by listing "dizziness, drowsiness, GI upset, [and] confusion." (*Id.*) Fourth, the form asked "[i]f your patient was placed in a competitive 8-hour work setting, with prolonged sitting, should your patient's leg(s) be elevated?" (*Id.*) There were boxes that could be checked for "yes" or "no." (*Id.*) Dr. Strubel did not check either box. Instead, his sole response to this question was writing the words "totally disabled." (*Id.*) Finally, the form asked if Jasman "experience[d] any problems with shortness of breath on exertion." (*Id.*, PageID.922.) Dr. Strubel checked the box for "yes" and the boxes for "wheezing," "periods of frequent coughing," "fatigue," and "recurrent upper repository infections more than once per year." (*Id.*) Dr. Strubel also noted that Jasman had sensitivity to "dust," "fumes," "cold air," "humid air," "smoke," and "allergens." (*Id.*)

The ALJ did not commit reversible error when he discounted the weight that he applied to Dr. Strubel's MSS. To the extent that Jasman argues that the ALJ should have credited Dr. Strubel's statement that Jasman was "totally disabled," the ALJ properly rejected that conclusion because the "ultimate determination of disability" is reserved for the Commissioner. *Gant*, 372 F. App'x at 584 ("Conclusory medical opinions are properly discounted as only the Commissioner can make the ultimate determination of disability"). *See also Cosma v. Comm'r of Soc. Sec.*, 652 F. App'x 310, 311 (6th Cir. 2010) (concluding that the ALJ did not

7

commit error when he provided no weight to a doctor's opinion that the plaintiff was "totally disabled" because that "is a determination reserved to the Commissioner").

To the extent that Jasman asserts that the applicable regulations required the ALJ to provide additional reasons why he rejected other portions of Dr. Strubel's MSS, any such error was harmless and does not justify disturbing the ALJ's ruling. For all of the reasons explained above, Dr. Strubel's MSS was patently deficient and did no more than check a few boxes and respond in a conclusory fashion to the questions posed. Dr. Strubel did not attempt to link Jasman's symptoms to his impairments. Nor did Dr. Strubel explain his conclusions or provide any medical evidence in support of those conclusions. Dr. Strubel's MSS was therefore "weak evidence at best," and any failure by the ALJ to discuss the MSS further was harmless. *Hernandez v. Comm'r of Soc. Sec.*, 644 F. App'x 468, 474-75 (6th Cir. 2016) (explaining that it was "nearly impossible to analyze" a doctor's medical source statement that consisted largely of checking boxes on a pre-printed form and lacked any accompanying explanation, and noting that "[e]ven if the ALJ erred in failing to give good reasons for not [giving the opinion more weight], it was harmless because the [doctor's submission was] weak evidence at best and meets our patently deficient standard") (internal quotation marks omitted). *See also Shepard v. Comm'r of Soc. Sec.*, 705 F. App'x 435, 441 (6th Cir. 2017) (same).

For all of these reasons, the Court **OVERRULES** Jasman's objections that the ALJ improperly discounted Dr. Strubel's MSS.

### B

In Jasman's final objection, he argues that the ALJ erred when he failed to consider the side effects of Jasman's medications. (*See* Objections, ECF No. 19, PageID.1092-1094.) But Jasman's only medical evidence supporting his side effects is Dr. Strubel's MSS. (*See id.*)  And as explained in detail above, that medical opinion was patently deficient.  That is especially true with respect to Dr. Strubel's answer to the single question the form asked about the side effects of Jasman's medications.  Dr. Strubel's MSS simply identified side effects of medications that Jasman was taking. (*See* Dr. Strubel's MSS, ECF No. 13, PageID.921.)  Dr. Strubel did not say how often Jasman experienced those side effects.  Nor did he explain the extent to which those side effects impacted Jasman (*i.e.*, how much drowsiness or dizziness Jasman experienced).  Simply put, it is impossible to discern from Dr. Strubel's MSS the extent to which the identified side effects impeded Jasman's ability to work.  For that reason, the ALJ did not error when he failed to discuss the side effects identified in Dr. Strubel's MSS.

## III

For all of the reasons explained above, Jasman's objections to the R&R (ECF No. 19) are **OVERRULED**, the Commissioner's motion for summary judgment (ECF No. 16) is **GRANTED**, and Jasman's motion for summary judgment (ECF No. 15) is **DENIED**.

**IT IS SO ORDERED**.

s/Matthew F. Leitman
MATTHEW F. LEITMAN
UNITED STATES DISTRICT JUDGE

Dated:  September 20, 2021


I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on September 20, 2021, by electronic means and/or ordinary mail.

s/Holly A. Monda
Case Manager
(810) 341-9764

11